In the Matter of the Claim of JOHN GALVIN, Respondent, against BETHLEHEM STEEL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board. Claimant sustained injuries as the result of a fall on February 27, 1953. Appellant contests the finding that disability continued beyond April 11, 1955 by reason of aggravation of a condition of degenerative arthritis which pre-existed the accident. Of the four physicians who examined claimant subsequent to April 11, 1955 only one found causally connected disability, but less than a month after his report to that effect he reported: "I cannot evaluate this patient's complaints because he has a highly functional condition." Thus, and as claimant's counsel frankly conceded, there was no evidence upon which an award might be predicated. On this appeal, the board urges that "once a condition of causally related disability is established there exists a presumption of the continuance of that condition until such time as proof to the contrary is adduced." It is true that language of this purport appears in certain reported cases. (See Matter of Ali v. Allegheny Ludlum Steel Corp. 6 A D 2d 942; Matter of Brewka v. Mollet, 279 App. Div. 1104, motion for leave to appeal denied 304 N. Y. 985.) These cases cite Matter of Brady v. Greenwich Sav. Bank (263 App. Div. 767) which does not, however, supply authority for the principle urged. It would be more accurate, perhaps, to say that in each of these cases the uncontroverted evidence was of such a nature as to warrant an inference that the particular disability continued. Thus, as an extreme example, it would not have to be argued that a person disabled by multiple fractures sustained on one day remained disabled the next. This is far from stating a legal presumption that a proven disability continues until the contrary is shown. In any event, any relevant presumption or inference in this case was overcome when Drs. Mehnert, Mindell and Yost stated that claimant had recovered from the effects of the accidental injuries. Decision and award reversed and case remitted to the Workmen's Compensation Board, with costs to appellant against the Workmen's Compensation Board. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.